**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAEEDA ALSBROOKS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **Case No. 2:26-cv-03772-JDW** |
| | : | |
| **PHILADELPHIA HOUSING** | : | |
| **AUTHORITY,** | : | |
|     **Defendants.** | : | |

**<u>MEMORANDUM</u>**

Saeeda Alsbrooks filed a civil rights Complaint naming the Philadelphia Housing Authority as the Defendant. She also seeks to proceed *in forma pauperis*. I will grant her leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**

While her brief Complaint is far from clear, Ms. Alsbrooks appears to assert a violation of her due process rights because PHA "failed to protect" her and threated to evict her when she failed to pay rent after PHA failed to make necessary repairs to her home following a fire. She appears to claim the structure was not habitable. She mentions retaliation and harassment "for not paying and with two children with autism," but offers no further explanation of this claim. (ECF No. 1 at § II.D.) She is "on the initial lease agreement" but expected to be "in a bigger house for [her] autistic children" who need separate bedrooms. (*Id.* § III.C.) She has complained "about the wall of the property that was causing I (The Plaintiff) to be evicted without cause." (*Id.*)

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Ms. Alsbrook has completed the Court's required paperwork and attested under penalty of perjury that she lacks the income or assets to pay the required filing fees. I will therefore permit her leave to proceed *in forma pauperis*.

2

**B.      Plausibility Of Claims**

The vehicle for Ms. Alsbrooks's constitutional claims is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). While Ms. Alsbrooks mentions the Due Process Clause, she does not allege any facts relevant to a violation of her due process rights.

A plaintiff can bring three kinds of § 1983 claims under the Due Process Clause of the Fourteenth Amendment. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). First, a plaintiff may bring suit under § 1983 for a violation of the specific rights that the Bill of Rights guarantees. *Id.* Second, a plaintiff may assert a Fourteenth Amendment claim under the "procedural" aspect of the Due Process Clause, which guarantees fair procedure for the deprivation of a constitutionally protected interest in life, liberty, or property. *Id.* Third, a plaintiff may assert a claim under the "substantive" prong of the Due Process Clause, which bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. *Id.*

Because she mentions eviction, it's possible that Ms. Alsbrooks seeks to allege a procedural due process claim. To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of

3

'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). Ms. Alsbrooks's claim is not plausible because she does not provide any facts to show a liberty or property interest of which she suffered a deprivation due to improper procedures. While Ms. Alsbrooks mentions her children are autistic, she does not state why that is relevant to any constitutional claim.

Moreover, "a public housing authority ... is considered a municipal corporation for the purposes of § 1983." *See Watson v. Philadelphia Hous. Auth.*, 629 F. Supp.2d 481, 487 (E.D. Pa. 2009). To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). She can do so "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a claim against the City. *See, e.g., Szerensci v. Shimshock*, No. 20-1296, 2021 WL

4480172, at *7 (W.D. Pa. Sept. 30, 2021). Ms. Alsbrooks makes no allegations about how a PHA policy or custom caused a constitutional violation.

## IV.    CONCLUSION

Because the claims are unclear and the facts are underdeveloped, Ms. Alsbrooks fails to provide fair notice of the grounds upon which the claims against PHA rest, as required by Rule 8. Therefore, I will dismiss the Complaint. I will do so without prejudice and give Ms. Alsbrooks an opportunity to file an amended complaint, if she is able to allege additional facts to show that a PHA policy or custom violated her constitutional rights. An Order providing additional information about amendment follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 15, 2026

5